668 So.2d 1108 (1996)
Vincent E. MILIO, Appellant,
v.
LEINOFF AND SILVERS, P.A., and Loretta Fabricant, Appellees.
No. 95-2507.
District Court of Appeal of Florida, Third District.
March 6, 1996.
*1109 Ferdie & Gouz and Ainslee Ferdie, Miami, for appellant.
Leinoff & Silvers, Coral Gables; Elser, Greene, Hodor & Fabar and Cynthia Greene, Miami, for appellees.
Before BARKDULL, NESBITT and GERSTEN, JJ.
BARKDULL, Judge.
The underlying action involved a dissolution of marriage, and this appeal comes to us to review a post-dissolution order granting charging lien to Lienoff & Silvers, P.A., the attorneys for the husband, and a final judgment awarding accounting fees to Loretta Fabricant, an accountant hired by the husband's law firm.
The final hearing on the underlying dissolution of marriage action began on January 31, 1995. Following court that evening, the parties, through their attorneys, reached a stipulated agreement, the terms of which were faxed to the husband, Mr. Milio. At the start of the proceedings on February 1, 1995, the stipulated agreement was read into the record. At that time, there was some discussion of attorney's fees, as the husband had agreed to pay $15,000.00 in contribution to the wife's attorneys' fees. Further, the attorneys on both sides had waived certain fees in order to arrive at the settlement. There was no discussion of a reservation of jurisdiction for the purposes of a charging lien as to the husband's fees, either in the handwritten copy of the settlement agreement that was faxed to Mr. Milio on January 31, 1995, or during the oral stipulations at the hearing on February 1, 1995.
Pursuant to some changes made during the hearing, the attorneys for the wife drafted a new copy of the final judgment to insert some language regarding a mutual restraining order. During the time that this revised judgment was being drafted, the attorney for the husband, Mr. Leinoff, requested the insertion of a paragraph reserving jurisdiction for the purposes of a charging lien against his own client. As the attorneys for the wife had no objection, the paragraph was placed in the final judgment and signed by the court without notice to Mr. Milio. Having retained jurisdiction, the trial court later entered an order granting charging lien to Leinoff and Silvers, P.A. (the attorneys) and a judgment awarding accounting fees to Loretta Fabricant (the accountant).[1] Mr. Milio's motion for rehearing was denied, and this appeal follows.
To summarize the issue before this court, when the parties stipulated to judgment in open court the attorney did not suggest a charging lien, but one appeared in the final judgment signed by the court. Since Mr. Leinoff was taking a position adverse to that of his client when requesting the charging lien, Mr. Milio should have been provided with adequate notice. See Vazquez v. Vazquez, 512 So.2d 1045 (Fla. 3d DCA 1987), citing Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983). The inclusion of the reservation of jurisdiction was improper. The charging lien retention in the final judgment was outside the scope of the oral stipulation *1110 and was not properly included, since it was not raised by the pleadings or tried by consent. Antoniadis v. Earca N.V., 442 So.2d 1001 (Fla. 3d DCA 1983), rev. denied 451 So.2d 847 (Fla.1984); Kornbluh v. Lowenberg, 401 So.2d 880 (Fla. 3d DCA 1981). The trial court abused its discretion by assuming jurisdiction to try the charging lien. It is fundamental that a stipulation not agreed to by a party in open court, or otherwise submitted by the party to be charged in writing cannot properly be part of a judgment. See generally, Labarre v. Labarre, 382 So.2d 761 (Fla. 2d DCA 1980), citing Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977) and Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974), writ discharged, 312 So.2d 733 (Fla.1975).
The finality of a judgment occurs when no appeal is taken. Commercial Laundries, Inc. v. Golf Course Towers Associates, 568 So.2d 501 (Fla. 3d DCA 1990) (trial court loses jurisdiction to modify 30 days after rendition of the final judgment unless it retains jurisdiction); F.A. Conner v. Northeastern Int'l Airways, Inc., 543 So.2d 397 (Fla. 4th DCA 1989). See also, Vazquez, supra, (Nesbitt, J., specially concurring). In this instance, Mr. Leinoff waited more than 30 days, gave notice of non-representation, and then sought to enforce a lien not agreed to in the oral stipulation to the court. Thus, the motion for determination and amount of charging lien was untimely and inappropriate and the order granting it should be reversed.
Accordingly, this matter is reversed and remanded with instructions to vacate the order granting charging lien and the final judgment awarding accounting fees. The reversal of this order is without prejudice to Leinoff & Silvers, P.A. to institute a new suit or demand arbitration under the retainer agreement between the law firm and Mr. Milio. Pursuant to the terms of that agreement, the client, Mr. Milio may also be provided with an opportunity to request arbitration. Further, the reversal of this order is without prejudice to the accountant, Loretta Fabricant, to maintain any proper action which may be brought by her or on her behalf.
Reversed and remanded with directions.
NOTES
[1] The accountant's claim was independent, and not supported by any proper pleading or motion or notice and should be set aside as beyond the trial court's jurisdiction.