721 So.2d 424 (1998)
Ralph Lee FELTMAN, Appellant,
v.
Charlotte Harvey FELTMAN, Appellee.
No. 97-0045, 97-2116.
District Court of Appeal of Florida, Fourth District.
December 2, 1998.
*425 Paula Revene of Law Office of Paula Revene, P.A., Fort Lauderdale, for appellant.
Martin L. Haines, III, Chartered, Lake Park and H.T. Maloney of Law Office of Patterson, Maloney & Maisel, Fort Lauderdale, for appellee.
PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage, an order liquidating and enforcing a charging lien and a judgment awarding attorney's fees to his former wife. We affirm the final judgment of dissolution of marriage in all respects, except the designation of the 9th Street warehouse property as a marital asset subject to equitable distribution. There was insufficient competent, substantial evidence to support the trial court's finding that the 9th Street warehouse property, which was inherited by the husband and his sister upon the death of their mother, constituted marital property.
We also find error in entry of the post-judgment order enforcing and liquidating a charging lien in favor of the husband's former trial counsel. The trial court lacked jurisdiction to enter the order imposing a charging lien after rendition of the final judgment, which did not reserve jurisdiction for that purpose. We, therefore, reverse the order, See Keister v. Polen, 471 So.2d 656 (Fla. 4th DCA 1985); Patin v. Popino, 459 So.2d 435 (Fla. 3d DCA 1984); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976); see also Vazquez v. Vazquez, 512 So.2d 1045 (Fla. 3d DCA 1987).
With respect to the husband's claim that the trial court erred in awarding attorney's fees to the wife, we find no error and affirm.
AFFIRMED in part; REVERSED in part.
POLEN, FARMER and TAYLOR, JJ., concur.