814 So.2d 1252 (2002)
Michael WEILAND, Appellant,
v.
Dorelle WEILAND, Robert Koop Johnson and Robert Koop Johnson, P.A., Appellees.
No. 2D01-2490.
District Court of Appeal of Florida, Second District.
May 3, 2002.
Jon D. Parrish of Parrish, White & Lawhon, P.A., Naples, for Appellant.
Robert Koop Johnson of Robert Koop Johnson, P.A., Naples, for Appellees.
FULMER, Judge.
Michael Weiland, the husband, appeals the trial court's order approving the general master's recommendation to allow his attorney, Robert Johnson, to file a charging *1253 lien against certain property awarded to Mr. Weiland in his dissolution proceeding. We reverse because Mr. Johnson did not give timely notice of the charging lien.
Mr. Weiland retained Mr. Johnson to represent him pursuant to an Attorney Fee Agreement Letter. On February 8, 2000, Mr. Johnson filed a petition for dissolution of marriage on behalf of Mr. Weiland. A final judgment, which incorporated a marital settlement agreement, was entered on January 22, 2001. In the final judgment, the trial court reserved jurisdiction to award attorney's fees only to the attorney representing Dorelle Weiland, the wife. On April 3, 2001, Mr. Johnson filed a motion seeking to withdraw from representation of Mr. Weiland and to establish a charging lien for attorney's fees incurred during the dissolution proceedings. The matter was referred to a general master. Following a hearing, the general master submitted a recommended order to the trial court awarding attorney's fees to Mr. Johnson and imposing a charging lien on a parcel of real property awarded to Mr. Weiland in the final judgment of dissolution. The trial court subsequently approved the general master's order.
Mr. Weiland argues that the trial court erred in approving the order imposing a charging lien because Mr. Johnson did not provide timely notice of the charging lien. Timely notice is one of the four requirements for a valid charging lien set forth by the supreme court in Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983). "In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." Daniel Mones, P.A. v. Smith, 486 So.2d 559, 560 (Fla.1986) (citing Sinclair, Louis, 428 So.2d at 1385). Notice is timely where the charging lien is filed prior to entry of the final judgment. See Gaebe, Murphy, Mullen & Antonelli v. Bradt, 704 So.2d 618 (Fla. 4th DCA 1997). Conversely, an attorney's charging lien is untimely and may not be established in proceedings after final judgment has been entered. See Milio v. Leinoff & Silvers, P.A., 668 So.2d 1108 (Fla. 3d DCA 1996) (holding attorney may not wait more than thirty days from the entry of final judgment, give notice of nonrepresentation, and then seek to enforce a lien not noticed before the entry of the final judgment).
Here, Mr. Johnson did not give notice of filing a charging lien or otherwise pursue the lien until after the final judgment was entered. Therefore, the trial court erred in approving the general master's recommended order awarding attorney's fees and imposing a charging lien on the property awarded to Mr. Weiland. Moreover, neither the marital settlement agreement nor the final judgment which incorporated the marital settlement agreement contained an express reservation of jurisdiction for the purpose of awarding attorney's fees to Mr. Weiland's counsel. The final judgment contained an express reservation of jurisdiction to award attorney's fees only to the wife's attorney. Without an express reservation of jurisdiction to award attorney's fees to the husband's attorney, the trial court was without jurisdiction to grant Mr. Johnson's motion to impose a charging lien. See Keister v. Polen, 471 So.2d 656, 656 (Fla. 4th DCA 1985); see also Feltman v. Feltman, 721 So.2d 424 (Fla. 4th DCA 1998). Accordingly, we reverse the order granting the charging lien and conclude that we need not address the remaining issues raised on appeal.
Reversed.
GREEN and DAVIS, JJ., concur.