In re **COMMONWEALTH INSTITUTIONAL SECURITIES, Debtor.**

**Seiller & Handmaker, Plaintiff,**

**v.**

**R. Gene Smith, Estate of R. Gene Smith Defendant.**

**Bankruptcy No. 95–33615.**
**Adversary No. 06–3012.**

United States Bankruptcy Court, W.D. Kentucky.

June 6, 2006.

Paul Edward Porter, Louisville, KY, for Debtor.

### *MEMORANDUM–OPINION*

JOAN L. COOPER, Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss Adversary Complaint of Defendants, R. Gene Smith, Inc. and the

---

Estate of R. Gene Smith ("Smith"). Smith seeks an Order dismissing the Adversary Complaint filed against the Defendants by Plaintiff Seiller & Handmaker ("Seiller"). For the following reasons, the Court **DENIES** the Motion. An Order incorporating the findings herein accompanies this Memorandum–Opinion.

## FACTS

Smith was a creditor of the Debtor, Commonwealth Institutional Securities ("Debtor"). Seiller represented Smith in Debtor's bankruptcy case regarding a claim Smith had against the Debtor. Smith now disputes the fee charged by Seiller for those services. As of February 2, 2005, Smith owed Seiller $19,894.94 with interest at the rate of 8%.

On or about September 7, 2005, the Chapter 7 Trustee in Debtor's case, John Wilson ("Trustee"), remitted a check to Smith in the amount of $18,083.05 from the Debtor's bankruptcy estate.

Seiller, in the adversary proceeding, asserts a statutory attorney's lien pursuant to KRS 376.060 upon that distribution by the estate. Seiller claims that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O).

Smith seeks dismissal of the adversary proceeding contending that the dispute regarding Seiller's attorney's lien is not a core proceeding.

## LEGAL ANALYSIS

 The issue before the Court is whether the validity, priority or the extent of Seiller's attorney's lien upon the funds distributed by Debtor's estate constitutes a core proceeding under the Bankruptcy Code. A core proceeding is one that affects the administration of the bankruptcy estate. *In re Nat. Century Financial Enterprises, Inc.,* 423 F.3d 567, 573 (6th Cir. 2005). Cases involving the determination of the validity, extent and priority of a lien are considered core proceedings. 28 U.S.C. § 157(b)(2)(k).

The relevant inquiry is whether the nature of the adversary proceeding falls within the core of federal bankruptcy power. *In re Manville Forest Products Corp.,* 896 F.2d 1384, 1389 (2d Cir.1990). The Court finds this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), as it is a matter "concerning the administration of the estate as well as one dealing with the validity extent and priority of liens." *See, Gravel and Shea v. Vermont Nat. Bank,* 162 B.R. 961, 967 (D.Vt.1993) (holding that a dispute between a secured creditor and a law firm both of whom claimed a lien on escrowed funds was a core proceeding); *In re T.C. Assoc., Ltd. Partnership,* 163 B.R. 140, 145 n. 6 (Bankr. N.D.Ill.1994); and *In re Ralph Lauren Womenswear, Inc.,* 204 B.R. 363 (Bankr. S.D.N.Y.1997).

The deposition of Trustee John Wilson, removes any doubt that the distribution at issue is an asset of the estate. Mr. Wilson clearly testified that he received notice from Seiller with respect to their claimed attorney's lien on the distribution. The distribution check was never negotiated and the funds are still in the Trustee's account for the Debtor. Mr. Wilson also testified that these funds are still property of the estate. Under these circumstances, the Court finds that the matter set forth in the Complaint constitutes a core proceeding under both 28 U.S.C. § 157(b)(2)(A), and (K).

## CONCLUSION

For all of the above reasons, the Motion to Dismiss of Defendants R. Gene Smith, Inc. and the Estate of R. Gene Smith is **DENIED.**

*ORDER*

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Defendants R. Gene Smith, Inc. and the Estate of R. Gene Smith, be and hereby is, **DENIED.**