998 So.2d 1158 (2008)
BAKER & HOSTETLER, LLP, Appellant,
v.
Linda Sue SWEARINGEN, et al., Appellee.
No. 5D08-1089.
District Court of Appeal of Florida, Fifth District.
November 21, 2008.
Rehearing Denied January 13, 2009.
*1159 John W. Foster, Sr. and Rebecca N. Shwayri of Baker & Hostetler, LLP, Orlando, for Appellant.
Linda Sue Swearingen, Windermere, Pro Se.
James M. Campbell, Orlando, for Appellee, Sherman Wayne Swearingen.
No Appearance for Appellees, Malibu Construction and Investment, Inc. and Kwinkz Korp., Inc.
MONACO, J.
The central issue framed by this appeal is whether a trial court is precluded from adjudicating a charging lien dispute that surfaces between a party and her attorney where the court has reserved jurisdiction in a final judgment dissolving a marriage to determine a party's entitlement to, and the amount of, attorney's fees, costs and suit monies. The trial court reluctantly concluded that it had no jurisdiction to consider this matter. The trial court's reluctance was well-founded. As the court retained full control over the issue of attorney's fees for the Wife, it also retained jurisdiction on the issue of the charging lien for the Wife's attorney.
This proceeding commenced when the Wife, Linda Sue Swearingen, filed a petition for dissolution of marriage against the Husband, Sherman Wayne Swearingen, and the Husband counter-petitioned. Eventually the firm of Baker & Hostetler ("Baker"), undertook to represent the Wife as her attorney.
The engagement contract between Baker and the Wife contained language concerning a fee and cost deposit and the necessity to replenish the deposit as it was drawn down. In addition, the agreement spoke of charging liens.
You further understand and agree that we may secure a charging lien against real property or proceeds distributed to you in order to satisfy any unpaid balance of attorney's fees or suit monies owed to us. Baker & Hostetler, LLP may deduct from monies held for the client any attorney's fee and/or legal *1160 cost obligation of a client to Baker & Hostetler, LLP.
Finally, the Wife agreed that if it became necessary for Baker to enforce the agreement, she would pay the firm's reasonable attorney's fees and all costs which included appeal.
Eventually, the parties entered into a marital settlement agreement that, in part, reserved the trial court's jurisdiction to determine attorney's fees and costs and to enter a qualified domestic relations order. The trial court later ratified and incorporated the marital settlement agreement into its final judgment of dissolution of marriage, using the following language:
5. The court reserves and shall continue to have jurisdiction to determine and adjudicate the issues of (a) whether the wife is entitled to recover attorney's fees, costs and suit monies from the husband and, if so, (b) what is the reasonable amount for said attorney's fees, costs and suit monies. Additionally, the court reserves jurisdiction to issue the qualified domestic relations order ("QDRO") contemplated by paragraph 7.4 of the MSA, and to modify and enforce this final judgment as may be appropriate pursuant to the terms of the MSA.
On the same day, the Wife filed a motion for the award of attorney's fees, costs and suit monies from the Husband.
Three months later Baker sent a letter to the Wife advising her that based on the notices she had received and her failure to adhere to the engagement agreement, it was going to withdraw as counsel and impose a charging lien against all items recovered or yet to be recovered in the action. The following day Baker filed the following charging lien notice:
The law firm of Baker & Hostetler, LLP hereby provides notice of its imposition, perfection, enforcement and foreclosure of its charging lien in an amount exceeding $475,000 against any and all funds, monies or assets, including, without limitation, real properties, recovered or to be recovered by or for the petitioner, Linda Sue Swearingen (the former wife), in the instant action....
After another day elapsed Baker filed a motion to withdraw and to enforce and perfect charging and retaining liens. The motion related that the Wife was to pay the firm on a "periodic (typically monthly) basis," and cited "irreconcilable differences" based on communications between it and the Wife as the basis for the motion. It concluded by asking the court to allow it to withdraw from the representation, but to remain in the action to enforce its charging lien.
The law firm of Baker & Hostetler has filed the appropriate notice of enforcing the charging lien, a true and accurate copy of which is attached hereto as Exhibit "D" and incorporated herein by reference.
Thereafter, the Husband filed a response to Baker's motion to withdraw and enforce a charging lien. Because the firm was claiming a lien on the Wife's right to seek attorney's fees from the Husband, the Husband believed he had standing to respond.[1] According to the Husband, Baker was not entitled to pursue a charging lien because the trial court lacked jurisdiction to consider it. The Husband postulated that Baker failed to timely perfect its lien because it failed to provide a timely notice to its client, the Wife, within 30 days of entry of final judgment. The Husband's *1161 position was that if the final judgment of dissolution does not expressly reserve jurisdiction to enforce a charging lien, and the attorney has not filed a timely notice prior to the entry of the judgment, the court has no authority to impose such a lien.
After a hearing the trial court denied Baker's motion to enforce the charging lien, saying that while it would be inequitable to deny the lien to the firm, he felt bound to follow the law, and concluded that the court was without jurisdiction to consider the claim being made by Baker. After Baker's motion for rehearing was denied, this appeal ensued. We review orders determining subject matter jurisdiction de novo, inasmuch as such an order generally resolves an issue of law. See Jacobsen v. Ross Stores, 882 So.2d 431 (Fla. 1st DCA 2004); Seven Hills, Inc. v. Bentley, 848 So.2d 345 (Fla. 1st DCA 2003).
A charging lien is an equitable right to have costs and fees due an attorney for services in a suit secured to him or her in the judgment or recovery in that particular suit. See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384 (Fla. 1983). Florida has recognized the existence of charging liens for at least 150 years. See, e.g., Carter v. Davis, 8 Fla. 183 (1858); Carter v. Bennett, 6 Fla. 214 (1855); Randall v. Archer, 5 Fla. 438 (1854). The policy underpinning the concept of the charging lien was articulated by the Florida Supreme Court 1855 in Bennett, 6 Fla. at 258:
While our courts hold the members of the bar to strict accountability and fidelity to their clients, they should afford them protection and every facility in securing them their remuneration for their services. An attorney has a right to be remunerated out of the results of his industry, and his lien on these fruits is founded in equity and justice. [Emphasis in original].
Attorneys wishing to impose such a lien on the fruits of his or her industry must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees, either dependent upon or out of recovery; (3) either avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. See Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986) (citing Sinclair, 428 So.2d at 1385). See also Schur v. Americare Transtech, Inc., 786 So.2d 46, 48 (Fla. 3d DCA 2001). Generally, a summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida as opposed to a separate action. See Daniel Mones.
As noted, the fourth element that must be demonstrated in order to obtain a charging lien is timely notice to the client. More specifically, in order to promote finality and certainty at the end of litigation, an attorney attempting to enforce a charging lien must notify his or her client in some way before the conclusion of the original proceeding that he or she intends to pursue the charging lien. See Schur. In the final analysis, the present case revolves around whether Baker gave timely notice to the Wife.
A lien cannot be pursued if it is not perfected. Perfection of a charging lien typically occurs before the outcome of the case is known. See Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A. v. Chernak, 991 So.2d 875 (Fla. 4th DCA 2008). Thus, unless jurisdiction is properly reserved by the trial court, a notice of an attorney's charging lien must generally be filed before the lawsuit has *1162 been reduced to judgment or dismissed pursuant to settlement in order to be timely. See Levine v. Gonzalez, 901 So.2d 969 (Fla. 4th DCA 2005); Heller v. Held, 817 So.2d 1023 (Fla. 4th DCA 2002), review denied, 839 So.2d 698 (Fla.2003);[2]Weiland v. Weiland, 814 So.2d 1252 (Fla. 2d DCA 2002) (an attorney's charging lien is untimely and may not be established in proceedings after final judgment has been entered). See also Milio v. Leinoff & Silvers, P.A., 668 So.2d 1108 (Fla. 3d DCA 1996) (holding attorney may not wait more than thirty days from the entry of final judgment, give notice of non-representation, and then seek to enforce a lien not noticed before the entry of the final judgment); Citizens & Peoples Nat'l Bank of Pensacola v. Futch, 650 So.2d 1008, 1015 (Fla. 1st DCA 1994), review denied, 660 So.2d 712 (Fla.1995) (all that is required to entitle the attorney to perfect a charging lien is for the attorney to file a notice of charging lien or otherwise pursue the lien in the original action prior to its termination. The attorney's charging lien must be filed before the case goes to final judgment or is dismissed).
A number of cases have addressed the issue of jurisdiction to consider a charging lien filed after the entry of a final judgment, but all of them appear to be distinguishable from the current case. The first, Vazquez v. Vazquez, 512 So.2d 1045, 1046 (Fla. 3d DCA 1987), involves an effort to enforce a charging lien that was filed after the entry of the final judgment of dissolution. The trial court granted the motion for a charging lien, and the wife appealed. The Third District Court reversed, saying "... the patently ambiguous and overly broad language of that motion renders it insufficient, as a matter of law, to constitute adequate notice." Thus, the Vazquez court determined that the notice was facially inadequate. This is not so in the case before us.
In Feltman v. Feltman, 721 So.2d 424 (Fla. 4th DCA 1998), the opinion as it addresses charging liens says simply:
We also find error in entry of the post-judgment order enforcing and liquidating a charging lien in favor of the husband's former trial counsel. The trial court lacked jurisdiction to enter the order imposing a charging lien after rendition of the final judgment, which did not reserve jurisdiction for that purpose. [Emphasis supplied].
We are unable to discern from a reading of this brief opinion whether either entitlement or the amount of attorney's fees was settled in the final judgment. We know only that there was no reservation of jurisdiction to consider a charging lien.
Finally, there is Weiland. In that case the husband's counsel did not give notice of a charging lien until after the final judgment was entered. Significantly, the opinion there read:
Moreover, neither the marital settlement agreement nor the final judgment which incorporated the marital settlement agreement contained an express reservation of jurisdiction for the purpose of awarding attorney's fees to Mr. Weiland's counsel. The final judgment contained an express reservation of jurisdiction to award attorney's fees only to the wife's attorney. Without an express reservation to award attorney's fees to the husband's attorney, the trial court was without jurisdiction to grant Mr. Johnson's motion to impose a charging lien. [Emphasis supplied].
See also Keister v. Polen, 471 So.2d 656 (Fla. 4th DCA 1985).
*1163 The significant commonality of all three cases is that in not one of them did the final judgment retain jurisdiction in the circuit court to consider both entitlement to attorney's fees and the amount. The judgment in the present case, however, did exactly that with respect to attorney's fees for the Wife. The effect of the reservation of jurisdiction over both entitlement and amount is that the matter of fees had not been finalized. A post-judgment order on attorney's fees could, in fact, have been appealed as a final order in itself for appeal purposes. See Haskins v. City of Ft. Lauderdale, 898 So.2d 1120, 1124 (Fla. 4th DCA 2005); Bernstein v. Berrin, 516 So.2d 1042 (Fla. 2d DCA 1987); Hubert v. Div. of Admin., State Dep't of Transp., 425 So.2d 671 (Fla. 2d DCA 1983). See also Morand v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987), review denied, 525 So.2d 879 (Fla.1988). Since the trial court had not yet taken up the issue of attorney's fees and had reserved its jurisdiction to do exactly that, we see no logic or equity in saying that the Wife's attorneys could not pursue a lien with respect to those very fees. As the court had fully retained jurisdiction over the issue of fees, it retained jurisdiction over the charging lien, as well.
Accordingly, we reverse the order on Baker's motion to withdraw as counsel-of-record for petitioner/former wife, and to enforce and perfect charging and retaining liens, and remand with instructions for the trial court to adjudicate Baker's charging lien.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] While we have serious reservations about whether the Husband has standing even to raise the issues surrounding the charging lien, standing was not raised either in the trial court or in this court. We decline, therefore, to consider it.
[2] Kozich v. Kozich, 501 So.2d 1386 (Fla. 4th DCA 1987) seems to suggest that a charging lien can be filed subsequent to final judgment, however, later Fourth District Court cases do not take this position.