SILBERMAN, Judge.
 

 Brenda Naftzger was the plaintiff in a premises liability action, and attorney B. Lee Elam represented her. Naftzger eventually terminated Elam as her attorney. Later, the action settled and the trial court entered an order dismissing it with prejudice. Attorney Elam then filed a petition in the same action, claiming a charging lien for attorney’s fees for work that he performed prior to the termination of his representation. Naftzger appeals the final judgment that the trial court entered which enforced the charging lien and awarded attorney Elam $12,000 in attorney’s fees. Because the trial court had dismissed the premises liability action before attorney Elam asserted the charging lien, the court lacked jurisdiction to award attorney’s fees. Accordingly, we reverse.
 

 In September 2004 Naftzger and her husband hired attorney Elam on a contingency fee basis to represent them in a premises liability action. At the time, attorney Joseph Parrish had an of-counsel relationship with attorney Elam’s firm. Attorney Parrish ended his of-counsel relationship with attorney Elam’s firm in October 2008, and Naftzger and her husband transferred their file to attorney Parrish. Attorney Parrish subsequently settled the action for $60,000 to Naftzger and $1,000 to her husband. Attorney Parrish forwarded attorney’s fees and costs to attorney Elam for the work he performed on Naftzger’s husband’s claim. However, attorney Parrish refused to forward attorney’s fees for any work attorney Elam performed on Naftzger’s claim.
 

 On April 6, 2009, as a result of the settlement, the trial court signed an order dismissing the premises liability action with prejudice. On April 16, 2009, attorney Elam filed a petition in the same action seeking to enforce a charging lien for $12,000 in attorney’s fees for work he performed on Naftzger’s case prior to his discharge. Naftzger objected to the fee request and argued that the trial court no longer had jurisdiction to award fees because the underlying case had been dismissed.
 

 
 *946
 
 Following a hearing, the trial court issued a memorandum to the parties determining that attorney Elam was entitled to enforcement of the charging lien. The court indicated that attorney Elam “clearly made known to all parties involved his expectation that he would be entitled to compensation for his time.”
 
 [1]
 
 The court, citing to
 
 Milio v. Leinoff & Silvers, P.A.,
 
 668 So.2d 1108 (Fla. 3d DCA 1996), determined that attorney Elam timely filed a petition to enforce the charging lien because he filed it within thirty days of entry of the order dismissing the premises liability action. The court later entered a final judgment awarding attorney Elam $12,000 plus interest.
 

 On appeal, Naftzger argues, among other things, that the trial court lacked jurisdiction to enforce the charging lien because attorney Elam filed his petition to enforce the charging lien after the premises liability action had been dismissed. We agree with the jurisdictional argument and reverse. Notably, the trial court’s order dismissing the premises liability action was with prejudice and without a reservation of jurisdiction to consider any fee issue. For attorney Elam to enforce a charging lien in the premises liability action, he was required to file an appropriate notice or his petition to enforce the lien prior to the trial court’s dismissal of the case. Our conclusion that the trial court lacked jurisdiction to award attorney’s fees to attorney Elam renders Naftzger’s remaining arguments moot.
 

 “The charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit.”
 
 Sinclair, Louis, Siegel, Heath, Nussbaum & Zaverinik, P.A. v. Baucom,
 
 428 So.2d 1383, 1384 (Fla.1983). In cases like this one, where an attorney has been discharged prior to the successful occurrence of a contingency, the Florida Supreme Court applies the modified quantum meruit rule.
 
 See Rosenberg v. Levin,
 
 409 So.2d 1016, 1021-22 (Fla.1982). That rule allows a discharged attorney to recover “the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee” as long as the contingency occurs.
 
 Id.
 

 When an attorney wishes to enforce a charging lien for attorney’s fees, “the attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney’s fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.”
 
 Daniel Mones, P.A. v. Smith,
 
 486 So.2d 559, 561 (Fla.1986). Regarding the fourth requirement, notice of the charging lien must be filed or the lien pursued in the action before entry of a final judgment or dismissal of the case.
 
 Weiland v. Weiland,
 
 814 So.2d 1252, 1253 (Fla. 2d DCA 2002);
 
 Levine v. Gonzalez,
 
 901 So.2d 969, 974 (Fla. 4th DCA 2005);
 
 Hannah v. Elder,
 
 545 So.2d 503, 504 (Fla. 4th DCA 1989). If notice is not given before entry of the final judgment or an order dismissing the case, the trial court loses jurisdiction to enforce a charging lien in the original action.
 
 [2]
 
 
 *947
 

 Weiland,
 
 814 So.2d at 1253;
 
 Levine,
 
 901 So.2d at 973-74.
 

 Attorney Elam did not meet the timely notice requirement because he did not file a notice of charging lien or pursue a lien in the pending premises liability action before the trial court entered its order dismissing the action pursuant to the stipulation for dismissal. Because attorney Elam did not comply with the timely notice requirement for a charging lien, the charging lien was not perfected and the trial court was without jurisdiction to enforce it.
 

 We are not persuaded by the trial court’s reliance on
 
 Milio v. Leinoff & Silvers, P.A.,
 
 668 So.2d 1108 (Fla. 3d DCA 1996). In
 
 Milio,
 
 the parties reached a settlement agreement in their dissolution of marriage action and read the agreement into the record. There was no discussion in the agreement or on the record of a reservation of jurisdiction for a charging lien as to the husband’s attorney’s fees. The wife’s attorney drafted the final judgment and, at the request of the husband’s attorney, inserted a paragraph reserving jurisdiction in the court for enforcement of a charging lien by the husband’s attorney against the husband.
 
 Id.
 
 at 1109. After entering the final judgment, the trial court entered an order imposing a charging lien in favor of the husband’s attorney. The Third District determined that the reservation of jurisdiction to impose the charging lien was not properly included in the final judgment.
 
 Id.
 
 at 1109-10. The court noted that the husband’s attorney waited more than thirty days after entry of the final judgment before he gave notice of nonrepresentation, and he then sought to enforce a lien not agreed to in the oral stipulation to the court. The court concluded that “the motion for determination and amount of charging lien was untimely and inappropriate and the order granting it should be reversed.”
 
 Id.
 
 at 1110.
 

 The
 
 Milio
 
 court did not hold that an attorney has thirty days after entry of a final judgment to file a notice of charging lien. Instead, the court held that the trial court had not properly reserved jurisdiction to enforce the charging lien and lost jurisdiction to amend the final judgment thirty days after it was rendered.
 
 See id.
 
 In the present case, the stipulation for dismissal did not provide for a reservation of jurisdiction, and the court entered its order of dismissal without reserving jurisdiction to enforce a charging lien. Further, attorney Elam did not file a notice in the action asserting a charging lien prior to the trial court’s dismissal order.
 

 Because attorney Elam sought to enforce a charging lien after the trial court dismissed the case without any reservation of jurisdiction, the trial court lacked jurisdiction to award fees to attorney Elam. Therefore, we reverse the fee judgment. We note that attorney Elam may not be without a remedy because it appears he may still seek recovery of his fees in a separate action.
 
 See Litman,
 
 517 So.2d at 92 n. 4.
 

 Reversed.
 

 VILLANTI and CRENSHAW, JJ., Concur.
 

 [1]
 

 . However, the trial court did not find that attorney Elam had filed a notice of charging lien, and the record before us does not reflect the filing of a notice of charging lien before the case was dismissed.
 

 [2]
 

 . It has been noted that there are different considerations in cases involving fees that are sought after the recovery of judgment compared to cases in which fees are sought after settlement, the latter resulting in funds outside the custody of the court.
 
 See Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.,
 
 517 So.2d 88, 92 n. 4 (Fla. 3d DCA 1987). Further, charging liens may be en
 
 *947
 
 forced in cases in which the court dismisses the case pursuant to a settlement but expressly reserves jurisdiction on attorney's fees.
 
 See Baker & Hostetler, LLP v. Swearingen,
 
 998 So.2d 1158, 1163 (Fla. 5th DCA 2008).