PER CURIAM.
This is a petition for writ of prohibition, wherein petitioners challenge the trial court’s jurisdiction to reopen a case six years after it entered the final judgment. We'grant the petition.
Respondent, Searcy, Denney, Sca-rola, Barnhart & Shipley, P.A., (the “firm”) seeks to reopen the case so that the trial court can consider issues surrounding a charging lien. The trial court denied petitioners’ motion to dismiss or strike the lien. The charging lien was not filed until more than two years after jurisdiction of the case ended by the trial court’s entry of a final judgment and there was no reservation of jurisdiction in that judgment to entertain fees. We grant the petition because the trial court lacks power to preside over this case. Tobkin v. State, 111 So.2d 1160,1163 (Fla. 4th DCA 2001), citing T.D. v. K.D., 747 So.2d 456, 457 n. 2 (Fla. 4th DCA 1999); see also MCR Funding v. CMG Funding Corp., Ill So.2d 32, 35 (Fla. 4th DCA 2000); Keister v. Polen, 471 So.2d 656 (Fla. 4th DCA 1985).
*611 A trial court lacks jurisdiction to entertain a charging lien where it has not been timely perfected; that is, filed before the trial court lost jurisdiction through settlement, dismissal or final judgment. See Sinclair, Louis, Siegel, Heath, Nussbaurn & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla.1983); Daniel Mones, P.A. v. Smith, 486 So.2d.559 (Fla. 1986); Levine v. Gonzalez, 901 So.2d 969 (Fla. 4th DCA 2005). The trial court lost jurisdiction of this case by virtue of the final judgment. This is not a case, such as those relied upon by the firm, where there was fraud or collusion associated with the final judgment that resulted in the trial court’s loss of jurisdiction, thereby depriving an attorney of the opportunity to timely file the lien. See, e.g., Miller v. Scobie, 152 Fla. 328,11 So.2d 892 (1943); Naftzger v. Elam, 41 So.3d 944 (Fla. 2d DCA 2010); Brown v. Vermont Mutual Ins. Co., 614 So.2d 574 (Fla. 1st DCA 1993); United States v. Transocean Air Lines, 356 F.2d 702, 704 (5th Cir.1966).
We recognize the firm’s claims that equitable circumstances exist warranting the trial court’s exercise of jurisdiction. However, the firm has already commenced a separate, new action against the clients, the clients’ attorney (formerly a member of the firm), and others in which it alleges counts to impress a lien, along with various other claims for relief. Naftzger, 41 So.3d at 947. The firm therefore has an adequate avenue through which to seek relief.

Petition Granted. Order quashed.

TAYLOR, MAY and CONNER, JJ., concur.