MORRIS, Judge.
Keith Lutz and Sandra J. Lutz appeal a March 4, 2013, order granting attor *502 ney Thomas S. Rutherford’s motion to enforce the charging lien against the Lutzes, the defendants Rutherford represented in the underlying lawsuit. On, appeal, the Lutzes argue that the trial court erred in entering the order because Rutherford’s notice of charging lien was untimely and because the trial court did not have jurisdiction to rule on the charging lien. However, these arguments are essentially challenges to the order entered on November 29, 2011, in which the trial court determined that Rutherford was entitled to recover $46,873.75 from the Lutzes. The Lutzes did not appeal that final order between the Lutzes and Rutherford, and this appeal is untimely as to that order.
In addition, the November 29, 2011, order on Rutherford’s charging lien cannot now be challenged on the basis that it is void for lack of jurisdiction. See generally Strommen v. Strommen, 927 So.2d 176, 179 n. 4 (Fla. 2d DCA 2006) (“[W]hen a court acts without jurisdiction, its action is void and subject to collateral attack.” (quoting Fla. Power & Light Co. v. Canal Auth., 423 So.2d 421, 423 n. 5 (Fla. 5th DCA 1982))). In the final judgment in the underlying lawsuit between the plaintiffs and the Lutzes, the trial court reserved jurisdiction to award “attorneys’ fees that may be applicable”; therefore, the trial court had jurisdiction to rule on Rutherford’s charging lien. Cf. Weiland v. Wetland, 814 So.2d 1252, 1253 (Fla. 2d DCA 2002) (holding that trial court lacked jurisdiction to impose husband’s attorney’s charging lien where final judgment contained express reservation for trial court to award fees to wife only).
Dismissed.
WALLACE and LaROSE, JJ., concur.