DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID STEPHEN REIDY,**
Petitioner,

v.

**LIUDMYLA Y. REIDY,**
Respondent.

No. 4D18-2525

[November 28, 2018]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Ruth Gundersen, Judge; L.T. Case No. FMCE 14-006256.

Carla P. Lowry of Lowry at Law, P.A., Fort Lauderdale, for petitioner.

Richard F. Hussey of Richard F. Hussey, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

Petitioner seeks prohibition to quash an order of the trial court which determined that an attorney timely and properly perfected his charging lien in a dissolution of marriage action. We grant the petition and quash the order upon concluding that the trial court lacks jurisdiction to entertain the lien.

The attorney represented the former wife in a dissolution action. He was replaced after the trial court entered a final dissolution judgment and while the direct appeal of that judgment was pending. He then filed a *notice of intention* to impose and enforce a charging lien. The trial court issued a post-dissolution support and fee order, and that led to a second appeal. Once that appeal was resolved, counsel moved to adjudicate and impose his charging lien for work performed prior to the entry of the original final judgment. The trial court determined that it was timely. We grant relief for two reasons.

First, the attorney failed to file the notice of charging lien before the trial court issued the final judgment. *Brody v. Broward Cty. Sheriff's*

*Office*, 137 So. 3d 610, 611 (Fla. 4th DCA 2014) ("A trial court lacks jurisdiction to entertain a charging lien where it has not been timely perfected; that is, filed before the trial court lost jurisdiction through settlement, dismissal or final judgment."). Second, the judgment denied both parties' fee requests and therefore did not reserve jurisdiction to adjudicate fees. *Compare Weiland v. Weiland*, 814 So. 2d 1252 (Fla. 2d DCA 2002) *with Lutz v. Rutherford*, 139 So. 3d 501 (Fla. 2d DCA 2014), and *Baker & Hostetler, LLP v. Swearingen*, 998 So. 2d 1158 (Fla. 5th DCA 2008).

Accordingly, we grant the petition for writ of prohibition and quash the trial court's order which determined counsel's charging lien was timely and properly perfected.

GROSS, KLINGENSMITH and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2