M. CASEY RODGERS, UNITED STATES DISTRICT JUDGE
Plaintiff Keefe, Anchors, and Gordon, P.A. ("KAG") filed this action in the Circuit Court of Okaloosa County, Florida. Defendants ASI Holding Company, Inc., d/b/a Amenity Services, Inc., ("ASI") and Burr & Forman, LLP, ("Burr & Forman") removed the case to this Court pursuant to 28 U.S.C. §§ 1452, 1334. Pending before the Court is KAG's Motion for Remand and/or for Abstention, ECF No. 7. On consideration, KAG's motion is granted.
Background
KAG filed the instant action in state court to recover unpaid legal fees from ASI, who KAG represented in a lawsuit styled ASI Holding Company, Inc. d/b/a Amenity Services, Inc. v. Don Abreu et. al. , Case No.: 2013-CA-4103 ("State Abreu Lawsuit") and in related federal litigation. See ECF No. 1-2 at 9-10. During the State Abreu Lawsuit, one of the defendants, Global Amenities, LLC ("Global Amenities" or the "Debtor"), filed a petition for bankruptcy, which initiated a federal bankruptcy proceeding styled In re Global Amenities, LLC , Case No. 16-04635-HB ("GA Bankruptcy Proceeding"). See ECF No. 7 at 7, 11. ASI, who was a creditor in the GA Bankruptcy Proceeding, was able to get relief from the automatic stay so it could continue litigating the State Abreu Lawsuit, which ultimately settled for $ 700,000.00. See id. The settlement was confirmed in the Consensual Joint Plan of Reorganization ("Consensual Joint Plan") in the GA Bankruptcy Proceeding. Id. After *22 the settlement was confirmed, Burr & Forman was given a significant portion of the settlement amount to hold in escrow for ASI, and the GA Bankruptcy Proceeding was closed. Id.
Starting in July 2016, ASI stopped making payments on KAG's invoices but assured KAG that the invoices would be paid in full and further represented that, if necessary, it would pay KAG's fees out of the settlement reached in the GA Bankruptcy Proceeding.[1] See id. at 11. When ASI refused to pay KAG the rest of its legal fees after the GA Bankruptcy Proceeding was settled, KAG filed the instant action against ASI and Burr & Forman in state court. See ECF No. 1-2. KAG named Burr & Forman as a defendant in this suit "for the limited purpose of enjoining Burr & Forman from distributing settlement funds currently held by Burr & Forman, or in the alternative, requiring Burr & Forman to place those funds into [the state] [c]ourt's registry." Id. at 9. Defendants removed the case based in part on a charging lien that KAG seeks to enforce over funds held by Burr & Forman. See ECF Nos. 1, 1-1 at 5. Thereafter, KAG filed the instant motion, arguing that the case should be remanded because 1) the Court lacks subject matter jurisdiction, 2) mandatory abstention is required under 28 U.S.C. § 1334(c)(2), 3) equitable grounds under 28 U.S.C. 1334(c)(1) and/or 28 U.S.C. § 1452(b) justify remand, 4) and Defendants waived their right to remove. See ECF No. 7. Defendants have since filed a response. ECF No. 19.
Standard of Review
Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a) ; Caterpillar Inc. v. Williams , 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A removing defendant has the burden of establishing the existence of federal jurisdiction. See Leonard v. Enterprise Rent A Car , 279 F.3d 967, 972 (11th Cir. 2002) ; see also BellSouth Telecommunications, LLC v. Halo Wireless, Inc. , No. 2:11-CV-758-WKW, 2012 WL 252186, at *1 (M.D. Ala. Jan. 26, 2012) (a defendant removing under 28 U.S.C. § 1452"has the burden of establishing the existence of federal jurisdiction"). Because removal is a statutory right, it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets , 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ; see also Univ. of S. Ala. v. Am. Tobacco Co. , 168 F.3d 405, 411 (11th Cir. 1999) ; Pacheco de Perez v. AT & T Co. , 139 F.3d 1368, 1373 (11th Cir. 1998). In other words, due to the limited jurisdiction of federal courts, "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co. , 31 F.3d 1092, 1095 (11th Cir. 1994).
Discussion
As a threshold matter, 28 U.S.C. § 1452(a) permits removal of an action if the federal court "has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under Title 11." Accordingly, this statute confers jurisdiction on district courts for civil proceedings that (1) arise under Title 11, (2) arise in a case under Title 11, or (3) are related to a case under Title 11. 28 U.S.C. § 1334. It is not *23 necessary, however, to distinguish between these categories for the purposes of determining jurisdiction so long as the matter is "related to" the bankruptcy proceeding. See Matter of Lemco Gypsum, Inc. , 910 F.2d 784, 787 (11th Cir. 1990) (adopting the "related to" test for jurisdiction); see also Cont'l Nat'l Bank of Miami v. Sanchez , 170 F.3d 1340, 1345 (11th Cir. 1999) (noting that the "related to" test is described as "the minimum for bankruptcy jurisdiction"). A civil proceeding is related to the bankruptcy proceeding when "the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Lemco Gypsum , 910 F.2d at 788 (quoting Pacor, Inc. v. Higgins , 743 F.2d 984, 994 (3d Cir. 1984) ) (the " Pacor Test").
Courts have recognized that jurisdiction under section 1334(b) is more limited after the bankruptcy plan has been confirmed. See In re Pegasus Gold Corp. , 394 F.3d 1189, 1194 (9th Cir. 2005) ; In re Resorts Int'l, Inc. , 372 F.3d 154, 164-65, 168 (3d Cir. 2004). Specifically, some courts have adopted a more restrictive "close nexus" test in the post confirmation context. See In re Pegasus Gold Corp. , 394 F.3d at 1194 (adopting the "close nexus" test); In re Resorts Int'l, Inc. , 372 F.3d at 166-69 (establishing the "close nexus" test); In re DPH Holdings Corp. , 448 F. App'x 134, 137 (2d Cir. 2011) ("A party can invoke the authority of the bankruptcy court to exercise post confirmation jurisdiction if the matter has a close nexus to the bankruptcy plan."); see also Valley Historic Ltd. P'ship v. Bank of New York , 486 F.3d 831, 837 (4th Cir. 2007) ("We find the Third Circuit's 'close nexus' requirement to be a logical corollary of 'related to' jurisdiction."); cf. Kachkar v. Bank of Am. , N.A., No. 17-20683-CIV, 2017 WL 9362574, at *3 (S.D. Fla. Dec. 28, 2017) (discussing, but not explicitly adopting, the "close nexus" test); In re Fla. Dev. Assocs. Ltd. , No. 04-12033-BKC-AJC, 2009 WL 393870, at *4 (Bankr. S.D. Fla. Feb. 4, 2009) (same). A court has jurisdiction under the "close nexus" test, "where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement." In re Resorts Int'l, Inc. , 372 F.3d at 168-69. In other words, "the claim must affect an integral aspect of the bankruptcy process." See id. at 167.
Here, Defendants maintain that this action was properly removed and that there is subject matter jurisdiction "because Plaintiff is asserting a claim against ASI's distributions under the confirmed Chapter 11 Plan, as well as a charging lien for services that Plaintiff claims it provided in the Bankruptcy case." ECF No. 1 at 2. In its motion to remand, KAG argues there is no subject matter jurisdiction under section 1334(b) because the instant action involves purely state law claims and cannot possibly have an effect on the administration of the non-party's bankruptcy estate. See ECF No. 7 at 9-10. Specifically, KAG argues that there is not "related to" jurisdiction because "the charging lien at issue only relates to the distributions that were already paid to a non-debtor in the course of a bankruptcy proceeding involving a non-party estate that was fully administered and closed several months ago."Id. at 10. KAG also argues that the instant action will not have a conceivable effect on the bankruptcy proceeding because it "does not dispute or seek to alter the distributions made pursuant to the Consensual Joint Plan." Id. In response, Defendants argue that removal was proper because, under Florida law, KAG was obligated to bring the charging lien "in the particular action that produced the funds *24 over which it asserts a charging lien." ECF No. 19 at 6 (citing In re Hanson Dredging, Inc. , 15 B.R. 79, 82 (Bankr. S.D. Fla. 1981) ). In addition, Defendants argue that this Court has jurisdiction because the instant action is a core proceeding under 28 U.S.C. § 157(b)(2)(K). See id. at 8. Lastly, Defendants argue that jurisdiction exists pursuant to the Retained Jurisdiction Provisions of the Consensual Joint Plan. Id. at 2-3.
The central issue is whether section 1334(b) jurisdiction exists over a state law action for unpaid attorney's fees, in connection with a prior state case and a related bankruptcy proceeding, when the plaintiff-law firm is attempting to enforce a charging lien over settlement proceeds that the defendant-client acquired as a creditor in the bankruptcy proceeding. Here, the Court finds In re W. 57th St. Concrete Corp. , No. 96 CIV. 3854, 1996 WL 706931 (S.D.N.Y. Dec. 9, 1996) instructive. In that case, the district court determined that the bankruptcy court properly decided that it lacked jurisdiction over a creditor's attorney's motion for a charging lien against a settlement recovered for his client in a bankruptcy proceeding. See In re W. 57th St. Concrete Corp. , 1996 WL 706931, at *1-2. There, the appellant-attorney represented a creditor in a bankruptcy proceeding that was settled. Id. at *1. After the settlement was approved, appellant moved to seek enforcement of a charging lien against the settlement proceeds obtained by his client. Id. The bankruptcy court determined that it lacked jurisdiction to hear the motion, and the district court affirmed, finding that "[t]he Bankruptcy Court was correct in deciding it lacked subject matter jurisdiction to hear Appellant's claims." Id. at *1-2. The district court reasoned that there was no "related to" jurisdiction because the matter was solely a dispute between the creditor of the debtor and a third party, it would not affect the other creditors, and, most notably, would have no effect on the debtor. See id. (citing Celotex Corp. v. Edwards , 514 U.S. 300, 308 n.6, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ).
Much like the appellant in In re W. 57th St. Concrete Corp. , KAG is seeking to enforce a charging lien over settlement proceeds obtained by its client ASI as a creditor in a bankruptcy proceeding. Similar to the fee dispute in In re W. 57th St. Concrete Corp. , the instant case is solely a dispute between a creditor of the debtor and a third party that will not affect the debtor or the debtor's estate. Specifically, because the relevant bankruptcy case has been settled and confirmed and because ASI has already received the proceeds it was owed under the Consensual Joint Plan, the charging lien requested here, if valid, cannot have a conceivable effect on the debtor's estate, the debtor, or the debtor's other creditors. See Lemco Gypsum , 910 F.2d at 788. Accordingly, it would follow that this Court, like the bankruptcy court in In re W. 57th St. Concrete Corp. , does not have "related to" jurisdiction over the instant case. However, the Court recognizes that some bankruptcy courts have found that bankruptcy jurisdiction exists when a creditor's attorney seeks to enforce a charging lien against his client for unpaid legal fees from a bankruptcy proceeding.[2] While the Court finds In re W. 57th St. Concrete Corp. to be more persuasive than these bankruptcy court cases, it also finds that additional considerations justify remand in this case.
*25 First, the fact that this dispute arises in the post-confirmation context, where courts have found section 1334(b) jurisdiction to be more limited, weighs in favor of remand. See In re Pegasus Gold Corp. , 394 F.3d at 1194 ; In re Resorts Int'l, Inc. , 372 F.3d at 164-65, 168. While it is unnecessary to apply the more restrictive "close nexus" test adopted in other circuits, because the Court finds that there is no "related to" jurisdiction under the Pacor test[3] , the Court agrees that jurisdiction should be more limited in the post-confirmation context. Accordingly, the fact that the instant action arises in the post-confirmation context, after the GA Bankruptcy Proceeding was settled and the Consensual Joint Plan was confirmed, is an additional factor that weighs in favor of remand. Additionally, the instant action is concerned with the recovery of unpaid legal fees from the State Abreu Lawsuit and the GA Bankruptcy Proceeding. Thus, the relationship between the instant action and the GA Bankruptcy Proceeding seems to be even more attenuated than the relationship between the charging lien and the bankruptcy proceeding in In re W. 57th St. Concrete Corp. , because this case is not merely concerned with unpaid legal fees from the bankruptcy proceeding.[4] Moreover, because this case has been removed, Defendants have the burden of establishing the existence of jurisdiction under section 1334(b), and uncertainties must be resolved in favor of remand. Burns , 31 F.3d at 1095. For the foregoing reasons, the Court finds that Defendants have failed to meet their burden to establish federal jurisdiction under section 1334(b).
The Court does not find Defendants' remaining arguments persuasive. Defendants first argue that the Bankruptcy Court has jurisdiction to hear the instant action[5] because, under Florida law, KAG was required to bring the charging lien in the court that presided over the action "that produced the funds over which [KAG] asserts a charging lien" (i.e., the Bankruptcy Court). ECF No. 19 at 6. Florida courts have noted that the preferred method for enforcing a charging lien is in a summary proceeding in the original action. Daniel Mones, P.A. v. Smith , 486 So.2d 559, 561 (Fla. 1986) ; see also Baker & Hostetler, LLP v. Swearingen , 998 So.2d 1158, 1161 (Fla. 5th DCA 2008) ("Generally, a summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida as opposed to a separate action."). However, such a preference, established under state law, is not sufficient, in and of itself, to confer subject matter jurisdiction in federal court. Furthermore, the propriety of the requested charging lien is of no moment to this Court's jurisdictional analysis.[6]
Next, Defendants argue there is jurisdiction because the instant action is a core proceeding under 28 U.S.C. § 157(b)(2)(K).[7] ibr.US_Case_Law.Schema.Case_Body:v1">See id. at 8. Although under *26 section 157(b)(2)(K), an action that involves "determinations of the validity, extent, or priority of liens" constitutes a core proceeding, the Court disagrees with Defendants' argument that the charging lien requested here falls under the category of liens referenced in section 157(b)(2)(K). As discussed above, for there to be jurisdiction under section 1334(b) the action must be, at a minimum, "related to" the bankruptcy proceeding, See In re Toledo , 170 F.3d at 1345, and an action cannot be "related to" a bankruptcy proceeding if it will not have any conceivable effect on the debtor's estate. See Lemco Gypsum , 910 F.2d at 788 ; see also Celotex Corp. , 514 U.S. at 308 n.6, 115 S.Ct. 1493 (noting "that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."). Thus, section 157(b)(2)(K) cannot apply to charging liens sought by a third party against a creditor of the debtor, after the estate has been administered and the proceeds have been distributed, because such liens can have no conceivable effect on the debtor's estate.[8]
Lastly, Defendants argue that the retention of jurisdiction provisions in the Consensual Joint Plan establish jurisdiction. ECF No. 19 at *2-3. Again, the Court disagrees. Retention of jurisdiction provisions can assist bankruptcy courts in retaining jurisdiction over certain matters post-confirmation. See Alderwoods Grp., Inc. v. Garcia , 682 F.3d 958, 969-70 (11th Cir. 2012) ("[T]he retention of jurisdiction by the bankruptcy court after confirmation is particularly appropriate where ... the bankruptcy court expressly retains jurisdiction under the plan.") (quotations and citations omitted); see also In re Resorts Int'l, Inc. , 372 F.3d at 161. However, retention of jurisdiction provisions will only be given effect to extent there is bankruptcy *27 jurisdiction. See In re Resorts Int'l, Inc. , 372 F.3d at 161 (noting that "neither the bankruptcy court nor the parties can write their own jurisdictional ticket."). Therefore, to the extent Defendants are attempting to argue that the retention of jurisdiction provisions in the Consensual Joint Plan operate as an independent basis for jurisdiction, their argument is without merit. See In re W. 57th St. Concrete Corp. , 1996 WL 706931, at *1-2 (concluding that the bankruptcy court lacked jurisdiction to hear a creditor's attorney's motion for a charging lien even when there were retention of jurisdiction provisions in the bankruptcy court's order of settlement).
This is not to say that section 1334 jurisdiction would be lacking in every case in which a creditor's attorney seeks a charging lien over his client's funds that were received as proceeds in a bankruptcy proceeding. Here, however, where the instant action was removed from state court; the charging lien at issue was sought after the Consensual Joint Plan was confirmed and the proceeds were distributed; and the action will not have any conceivable effect on the debtor, other creditors, or the administration of the bankruptcy estate, the Court finds that Defendants have failed to meet their burden of establishing federal jurisdiction. See Leonard , 279 F.3d at 972 ; see also BellSouth Telecommunications , LLC , 2012 WL 252186, at *1.
Accordingly:
1. Plaintiff's Motion for Remand and/or for Abstention, ECF No. 7, is GRANTED .[9]
2. The case is REMANDED to the Circuit Court of Okaloosa County, Florida.
3. The Clerk is directed to take appropriate steps to effect the remand.
DONE AND ORDERED this 10th day of December, 2018.

While it is not entirely clear from the record, it appears that Burr & Forman provided most of the legal services to ASI in the GA Bankruptcy Proceeding, whereas KAG only provided some legal services in the GA Bankruptcy Proceeding.

See In re LaRosa , 449 B.R. 258, 261-62 (Bankr. N.D.W. Va. 2011) ; In re Logan , No. 07-12564-SSM, 2010 WL 1286651, at *3-4 (Bankr. E.D. Va. Mar. 29, 2010) ; In re Commonwealth Institutional Sec. , 344 B.R. 827, 828 (Bankr. W.D. Ky. 2006) ; In re Ralph Lauren Womenswear, Inc. , 204 B.R. 363, 372-74 (Bankr. S.D.N.Y. 1997).

As noted above, the instant action and the requested charging lien will have no conceivable effect on the debtor's estate because the plan has already been confirmed and the proceeds have already been distributed to ASI as a creditor of the debtor in the GA Bankruptcy Proceeding. See Lemco Gypsum , 910 F.2d at 788.

Furthermore, the record seems to indicate that most of KAG's fees arose out of the State Abreu Lawsuit, not the GA Bankruptcy proceeding.

Defendants intend to transfer this action to the Bankruptcy Court. See ECF No. 19 at 3 n.1.

The Court will not address the merits of KAG's requested charging lien for the purposes of this Order.

A court need not determine whether an action is a core proceeding when assessing subject matter jurisdiction because there will be jurisdiction as long as the action is "related to" the bankruptcy proceeding. In re Resorts Int'l, Inc. , 372 F.3d at 163 (3d Cir. 2004) (quoting In re Marcus Hook Dev. Park, Inc. , 943 F.2d 261, 266 (3d Cir. 1991) ) ("[W]hether a particular proceeding is core represents a question wholly separate from that of subject-matter jurisdiction."); see also In re Toledo , 170 F.3d at 1344-45, 1345 n.6. However, the Court will address Defendants' arguments regarding 28 U.S.C. § 157(b)(2)(K) because if an action is a core proceeding, there will inevitably be jurisdiction. See 28 U.S.C. §§ 157(b)(1), 1334 ; see also In re Toledo , 170 F.3d at 1345 n.6 ("Although whether something is a core proceeding is analytically separate from whether there is jurisdiction, by definition all core proceedings are within the bankruptcy court's jurisdiction.").

Some of the cases mentioned above, which were not cited by Defendants, determined that a creditor's attorney's attempt to enforce a charging lien on bankruptcy proceeds owed to his client constituted a core proceeding. See In re LaRosa , 449 B.R. at 262 ("[A] creditor's attorney's charging lien on assets of the bankruptcy estate is an interest in the bankruptcy estate's property, which is subject to the court's jurisdiction under 28 U.S.C. § 157(b)(2)(A), inasmuch as the court's determination as to who is to receive a distribution of estate assets concerns the administration of the bankruptcy estate, and § 157(b)(2)(K), inasmuch as a claim of an attorney's charging lien in proceeds held for distribution by the bankruptcy estate requires the court to determine the validity, extent, or priority of liens in property being held by the bankruptcy estate."); In re Commonwealth Institutional Sec. , 344 B.R. at 828 (similarly finding bankruptcy jurisdiction because the creditor's attorney's attempt to enforce a charging lien constituted "a core proceeding under both 28 U.S.C. § 157(b)(2)(A) and (K)"). However, these cases are distinguishable from the instant case because the settlement proceeds here have already been distributed to Defendants and are no longer part of the bankruptcy estate. See In re LaRosa , 449 B.R. at 260 (noting that the bankruptcy trustee had not yet distributed the funds subject to the charging lien); In re Commonwealth Institutional Sec. , 344 B.R. at 828 (similarly noting that the requested funds were still in the bankruptcy trustee's account and were still property of the bankruptcy estate).

Because the Court concludes that this action should be remanded for lack of subject matter jurisdiction, it need not address KAG's abstention arguments.