# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1728
Lower Tribunal No. 08-14505
_____

**HLHL, P.A., etc.,**
Appellant,

vs.

**Fidel Castro Ruz, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

The Hall Law Firm, P.A., and Adam S. Hall, for appellant.

Mark Migdal & Hayden, Desiree Fernandez, and Jose M. Ferrer, for appellees Alfredo Villoldo and Gustavo E. Villoldo.

Before FERNANDEZ, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. Daniel Mones, P.A. v. Smith, 486 So. 2d 559, 561 (Fla. 1986) ("In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action."); Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So. 2d 1383, 1385 (Fla. 1983); Naftzger v. Elam, 41 So. 3d 944, 946 (Fla. 2d DCA 2010) ("If notice is not given before entry of the final judgment or an order dismissing the case, the trial court loses jurisdiction to enforce a charging lien in the original action."); Central Mortg. Co. v. Callahan, 155 So. 3d 373, 376 (Fla. 3d DCA 2014) ("[R]eservation of jurisdiction must be specific."); Correa v. Christensen, 780 So. 2d 220, 220 (Fla. 5th DCA 2001) ("It is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services."); Franklin & Marbin, P.A. v. Mascola, 711 So. 2d 46, 53 (Fla. 4th DCA 1998) (providing that  a charging lien proceeding only applies when "identifiable property recovered as a result of the lawyer's labors.").