277 So.2d 34 (1973)
Harold GOLDBLATT, Appellant,
v.
Doris GOLDBLATT, Appellee.
Doris GOLDBLATT, Appellant,
v.
Harold GOLDBLATT, Appellee.
Nos. 72-1013, 72-1173.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Rehearing Denied May 22, 1973.
*35 William John Mason, Miami, for Harold Goldblatt.
A. Norman Drucker, Miami Beach, for Doris Goldblatt.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
These consolidated cases on appeal involve an action to establish the arrearage on support payments and the continuance thereof. The significant facts are as follows:
The parties were divorced in New Jersey on February 23, 1971. They entered into an agreement whereby plaintiff-husband agreed to make support payments of $57 per week to his wife, the defendant. This agreement was incorporated into the Final Judgment of Divorce by reference. Thereafter, the plaintiff moved to Dade County, Florida and without authority reduced the payments to $20 per week.
On March 23, 1972 plaintiff, Doris Goldblatt, defendant-wife in the New Jersey divorce suit, filed a complaint in the lower court seeking to enforce the New Jersey divorce judgment in order to establish the arrearage on the support payments and the continuance of said payments. Defendant counterclaimed for a reduction in the support payments. At the onset of the trial, both parties stipulated to the introduction of a certified copy of the Final Judgment of Divorce and the attached Agreement. Further, both parties agreed upon the sum of $1,369 as the arrears on the support payments. The plaintiff prevailed and the court ordered the defendant to pay the arrearages and continue support payments of $57 per week. The trial court denied plaintiff's motion for attorney's fees based upon the fact that no testimony was introduced at the final hearing on the subject of attorney's fees. On appeal, the defendant contends that it was error for the trial court not to consider local law which would modify the foreign judgment pursuant to F.S. § 61.14 F.S.A.
The record clearly reflects that the defendant made no objection when a certified copy of the New Jersey Divorce Judgment and the Agreement attached thereto were introduced. Further, in his answer the defendant admitted the New Jersey judgment pleaded in the plaintiff's complaint. In addition there was ample testimony showing that plaintiff has certain needs due to her medical condition and requirements. There was also testimony showing that the defendant failed to establish that his circumstances or his financial ability has changed since the execution of the New Jersey Divorce and Agreement so as to warrant a decrease in the amount of support. In fact, defendant's own testimony revealed that he earned more in 1971 ($36,000) than in 1970 ($23,500).
Alimony awards should not be reversed or revised unless they represent an abuse of discretion or are unsupported by material competent evidence. Klein v. *36 Klein, Fla.App. 1960, 122 So.2d 205. We hold that there was substantial competent evidence to support the findings of the chancellor.
Plaintiff in her appeal alleges it was error for the lower court to deny her motion for attorney's fees. We find the chancellor correct in not allowing plaintiff-wife attorney's fees based upon the fact that no testimony was introduced at the final hearing on the subject.
Accordingly, the judgment appealed is affirmed.
Affirmed.