PETERSON, J.
Leonard and Allison Barlow petition for a writ of mandamus or, in the alternative, certiorari. The mandamus petition requests that we require the trial court to discharge an amended claim of a mechanics lien filed by the general contractor, Robert Molloy, who was engaged to construct a residence for them. The certiora-ri petition asks us to review that order. We deny both requests.
When a dispute arose during construction of the Barlows’ residence, Molloy ceased construction and filed a claim of lien pursuant to section 713.08, Florida Statutes (1999). The Barlows responded by filing a multi-count complaint, the only count of which that is addressed on this appeal is count III, an “Action for Order to Show Cause” pursuant to section 713.21(4), Florida Statutes. By filing count III, the Barlows sought the trial court’s discharge of the lien if Molloy failed to show cause why the lien should not be enforced within 20 days after receipt of a summons.
Molloy filed an amended claim of hen reducing the amount due. The amendment was filed within the required 90 day period for filing a lien. See Fla. Stat. § 713.08(5). He also filed a motion to dismiss the Barlows’ count III alleging that his amended claim of lien rendered their complaint moot, and a separate action to enforce his amended claim of lien.
The Barlows then moved to discharge the claim of lien in the action originally filed by them, arguing that Molloy can have only one hen for each claim, and that by amending the hen after they challenged the original, Molloy had asserted two hens. The trial court discharged the original hen, but refused to discharge the amendment because it was filed within the statutory 90-day period following the last work performed on the Barlows’ residence and because Molloy timely filed an action to foreclose the amended hen. We agree.
*94 Section 713.08(4)(b) allows a claim of lien to be amended at any time during the 90-day period provided that the amendment does not cause any person to Suffer a detriment by having acted in good faith in reliance upon the original claim of lien. The Barlows have not alleged any detriment, but only argue that when the trial court discharged the original lien the amendment was also automatically discharged. That was not the trial court’s intent and we find no support for the Barlows’ argument. Additionally, no attack on the amended claim of lien was made by the Barlows in the suit initiated by them.
PETITION DENIED.
W. SHARP, and PLEUS, JJ., concur.