STEVENSON, J.
This appeal stems from an order denying a petition to quash an investigative subpoena duces tecum, issued by the Florida Office of the Attorney General (the “OAG”) to the Law Office of David J. Stern, P.A. (“Law Firm”), pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). Because the OAG lacked authority under FDUTPA to issue the subpoena, we reverse.
The subpoena at issue indicates that “[t]he general purpose and scope of this investigation extends to possible unfair and deceptive trade practices, unconscionable acts and/or unfair competition of [Law Firm].” The subpoena sought production of thirteen categories of information relating to Law Firm’s foreclosure cases, including: the names and addresses of all lawyers and/or law firms that Law Firm used to represent its clients in foreclosure cases; names and addresses of lending institutions represented by Law Firm in foreclosure cases; names and addresses of companies employed by Law Firm to draft and/or execute mortgage assignments or affidavits; names and addresses of parties hired to perfect service of process in foreclosure cases; names and addresses of servicing companies represented by Law Firm; names and addresses of any corporations, companies, partnerships or associations, pertaining to Law Firm’s foreclosure practices, that Law Firm has any interest in; copies of files and documents relating to specifically identified foreclosure cases; names of notaries who notarized affidavits regarding fees and mortgage assignments; copies of non-disclosure agreements; and information about payments and bonuses made in relation to work done on foreclosure cases, including copies of checks from clients. In its petition to quash, Law Firm argued that the OAG lacked authority under FDUTPA because it was not involved in “trade or commerce” as defined by the statute.
At the hearing on Law Firm’s petition to quash, the OAG indicated that it had received numerous consumer complaints regarding Law Finn preparing forgeries and fraudulent documents for clients in foreclosure cases and for recordation in county public records. Law Firm explained that its practice was limited to representing lenders in residential foreclosures. Because of that, Law Firm argued that there was no “plausible set of facts that c[ould] be developed that would bring the activities of [Law Firm] within FDUTPA.”
*849 The trial court denied Law Firm’s petition to quash. Whether the trial court properly concluded that the OAG had authority under FDUTPA to issue the subpoena presents a matter of statutory interpretation that is. reviewed de novo. See State, Office of Att’y Gen. v. Shapiro & Fishman, LLP, 59 So.3d 353, 355 (Fla. 4th DCA 2011) [hereinafter Shapiro & Fish-man ].
FDUTPA was enacted “[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.” § 501.202(2), Fla. Stat. (2010). “Trade or commerce” is defined as:
[T]he advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. “Trade or commerce” shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.
§ 501.203(8). Pursuant to FDUTPA, the OAG may issue an investigative subpoena when it “has reason to believe that a person has engaged in, or is engaging in, an act or practice that violates this part.” § 501.206(1). FDUTPA also authorizes the OAG to bring an action seeking declaratory or injunctive relief, or to bring an action for damages on behalf of consumers. § 501.207(1).
The subpoena at issue in Shapiro & Fishman is very similar to the instant subpoena. There, the OAG issued an investigative subpoena for the purpose of investigating the “advertising and marketing practices” of the appellee law firm. 59 So.3d at 355. However, the subpoena sought production of documents relating to thirteen different subjects of the law firm’s representation of various lending institutions in foreclosure cases. Id. at 354. The subpoena requested information regarding:
any corporations, companies, partnerships, or associations in which the law firm and the named partners had any interest. It also asked for the names of all servicing companies the firm had represented in the past five years; all nondisclosure agreements the firm executed in the past five years with employees, subcontractors, and independent contractors; copies of checks or evidence of other payment from plaintiffs represented in foreclosure cases by the firm; and documents on the amount paid to the firm’s employees, subcontractors, and independent contractors for completion of foreclosure cases within a certain time period.
Id. The OAG admitted that the subpoena was issued in “response to complaints alleging that the law firm had been fabricating or presenting false or misleading documents for utilization in foreclosure cases.” Id. at 355. We affirmed the trial court’s order quashing the subpoena, reasoning that “the alleged conduct of the law firm ... d[id] not fall within the rubric of ‘trade or commerce’ as required for civil investigative subpoenas under FDUTPA.” Id. at 356.
Though the subpoena in the instant case states a different purpose — “deceptive trade practices, unconscionable acts and/or unfair competition” as opposed to “advertising and marketing practices” — it seeks the same information sought in Shapiro & Fishman. Both subpoenas were designed to elicit information regarding the law firm’s representation in foreclosure cases. Further, the investigator’s testimony confirmed that the OAG was investigating the same allegations and complaints as those *850 present in Shapiro & Fishman. Just as in Shapiro & Fishman, the instant alleged conduct by Law Firm does not constitute “trade or commerce.” See also Kelly v. Palmer, Reifler & Assocs., P.A., 681 F.Supp.2d 1356, 1374-77 (S.D.Fla.2010) (holding that law firm’s issuance of pre-suit demand letters did not constitute “trade or commerce” and noting that law firm’s acts — “conduct ostensibly occurring during the exercise of a legal remedy — had zero connection whatsoever to any ‘trade or commerce’ ”). Here, as in Shapiro & Fishman, the OAG’s subpoena “centers on the law firm’s conduct in the processing of foreclosure cases, as opposed to the initial applications for mortgages or the initial lending relationships, which would be more akin to traditional notions of ‘trade or commerce’ as defined by the FDUTPA statute.” 59 So.3d at 356.
Accordingly, the OAG lacked the authority, under FDUTPA, to issue the subpoena in question and the trial court’s order must be reversed.

Reversed.

MAY, C.J., and CIKLIN, J., concur.