# Third District Court of Appeal

**State of Florida**


Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2289
Lower Tribunal No. 14-7996
_____


**CK Regalia, LLC, etc., et al.,**
Appellants,

vs.

**John Thornton and Do Campo & Thornton, P.A.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Stok Folk + Kon and Robert A. Stok, for appellants.

Kaplan Zeena and Laura C. Douglas, for appellees.


Before SUAREZ, SALTER and EMAS, JJ.

EMAS, J.

## INTRODUCTION

CK Regalia, LLC, Abraham Cohen and La Mansion, LLC (collectively "the Former Clients") appeal an order dismissing their complaint against John Thornton and Do Campo & Thornton, P.A. (collectively "Do Campo & Thornton") with prejudice. For the reasons that follow, we affirm.

## FACTS AND BACKGROUND

Do Campo & Thornton entered into three separate contingency fee agreements with the Former Clients to represent their interests in claims related to the development of a luxury condominium project on Sunny Isles Beach (the "Regalia Project"). Specifically, the Former Clients contended they were entitled to certain profits from sales of units in the Regalia Project. The fee agreements were entered into on January 23 and March 6, 2013, and provided that Thornton would receive, as compensation for his services, 25% of any recovery through the time of filing answers or a demand for appointment of arbitrators; or 40% of any recovery through the trial of the case on the first $2 million of the recovery, plus 30% of any recovery between $2 million and $3 million, plus 20% of any recovery in excess of $3 million.

At some point the Former Clients, evidently dissatisfied with the services of Thornton & Do Campo, discharged Thornton & Do Campo and hired new counsel, who later filed actions against the various entities from whom the Former Clients

claimed they were entitled to recover profits. Those lawsuits were filed on November 1, 2013 (Case No. 13-34375 CA 01, CK Regalia, LLC v. Jain) and December 10, 2013 (Case No. 13-38098, JAAF Holdings, LLC v. Golden Beach Dev., LLC). On February 26, 2014, Thornton filed a notice of charging lien in Case No. 13-34375 ("the Ongoing Action"), which case was and remains pending in the trial court.

Thereafter, the Former Clients filed a separate lawsuit (the Declaratory Action) against Thornton & Do Campo, requesting a determination of the parties' "rights, status or other legal or equitable relations and interests regarding" the charging lien, and seeking to discharge Thornton & Do Campo's charging lien in the Ongoing Action. In essence, the Former Clients sought a declaration that the charging lien was invalid and unenforceable, premised upon allegations that: Thornton & Do Campo had done no work entitling it to a charging lien on any recovery in the Ongoing Action; and the retainer agreement between Thornton & Do Campo and the Former Clients violated various provisions of the Florida Rules of Professional Conduct, rendering the charging lien invalid.

Thornton & Do Campo filed a motion to dismiss with prejudice, asserting that the Complaint failed to state a cause of action upon which relief may be granted, and that the Declaratory Action was premature and improper under Florida law because the Ongoing Action—to which the notice of charging lien

3

related—remained pending. Alternatively, Thornton & Do Campo sought an order transferring the Former Clients' Declaratory Action against Thornton & Do Campo to the judge presiding over the Ongoing Action, together with an abatement of the Declaratory Action pending resolution of the Ongoing Action.

A hearing on the motion to dismiss was held and the trial court dismissed the Clients' Declaratory Action with prejudice.[1] This appeal followed.

**ANALYSIS**

We review *de novo* the order dismissing the complaint for failure to state a cause of action. Morin v. Florida Power & Light, 963 So. 2d 258 (Fla. 3d DCA 2007).

Charging liens in Florida are an equitable right and a creature of common law. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So. 2d 1383, 1384 (Fla. 1983). Such liens have been recognized in our jurisprudence for more than 150 years, during which time our courts have established requirements for, and procedures governing, their validity and enforcement. Id. See e.g., Nichols v. Kroelinger, 46 So. 2d 722 (Fla. 1950); Greenfield Villages v. Thompson, 44 So. 2d 679 (Fla. 1950); Carter v. Davis, 8

---

[1] Consistent with the alternative remedy proposed by Thornton & Do Campo, the trial court offered the Former Clients the option of having the Declaratory Action transferred and abated, rather than dismissed with prejudice. The Former Clients declined this option and the court thereafter dismissed the complaint with prejudice.

4

Fla. 183 (1858); Carter v. Bennett, 6 Fla. 214 (1855). There are no requirements for perfecting a charging lien beyond the giving of timely notice to the client. Baucom, 428 So. 2d at 1385. More importantly for our purposes, an attorney's ability to enforce a charging lien under a contingency fee agreement is dependent upon the occurrence of the contingency: a recovery in the underlying matter in which the attorney provided legal services. Both parties to the appeal agree that, unless the Former Clients obtain a recovery in the Ongoing Action, the charging lien cannot be enforced. Until the occurrence of this contingency, there is nothing to which the charging lien can attach. See Rosenberg v. Levin, 409 So. 2d 1016, 1021 (Fla. 1982) (holding that an action upon a charging lien in a contingency fee arrangement must be deferred until "the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing.").

It is with this background in mind that we analyze the issues presented. The thrust of the Former Clients' contention (both below and on appeal) is that the charging lien is invalid. Whether the Former Clients are ultimately correct in this assertion, however, is presently beside the point. The Former Clients' Declaratory Action[2] seeks nothing more than an advisory opinion, because unless and until the

---

[2] The Former Clients also asserted a claim that the retainer agreement violated the provisions of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and Florida Rules of Professional Conduct, rendering the subsequent notice of charging lien invalid. The trial court correctly determined that this claim failed to state a

Former Clients obtain a recovery in the Ongoing Action, Thornton & Do Campo's charging lien is not ripe and a determination of its validity premature. Moreover, the case law has consistently held that the proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending:

> The law is settled in this jurisdiction that a litigant should not be permitted to walk away with his judgment and refuse to pay his attorney for securing it. It is further consistent with law that an attorney's lien in a case like this be enforced in the proceeding where it arose. The parties are before the court, the subject matter is there, and there is no reason whatsoever why they should be relegated to another forum to settle the controversy.

In re Warner's Estate, 35 So. 2d 296, 298-99 (Fla. 1948). See also Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So. 2d 88 (Fla. 3d DCA 1987). Any claims the Former Clients may have regarding the validity or enforceability of the charging lien can be presented (at the appropriate time) to the trial court judge presiding over the Ongoing Action. See State, Dep't of Envt'l Protection v. Garcia, 99 So. 3d 539 (Fla. 3d DCA 2011) (holding "when the issue presented in a declaratory action is the subject of an earlier filed suit in which the

---

cause of action. See Law Office of David J. Stern, P.A. v. State, 83 So. 3d 847 (Fla. 4th DCA 2011); State v. Shapiro & Fishman, LLP, 59 So. 3d 353 (Fla. 4th DCA 2011). See also, Baker v. Baptist Hosp., Inc., 115 So. 3d 1123 (Fla. 1st DCA 2013) (holding filing of a hospital lien is the pursuit of a legal remedy, and thus, not within the definition of "trade or commerce").

plaintiff can secure full relief, the trial court should not consider the request for declaratory relief").

The Former Clients assert on appeal that they will be prejudiced if a determination of the validity of the charging lien must await the outcome of the Ongoing Action. The Former Clients contend that, until they know whether the charging lien is valid and, if valid, the amount of that lien, they cannot reasonably determine whether to settle the Ongoing Action. This argument was not presented below. Moreover, such a position is unavailing and, if adopted, would result in additional and unnecessary litigation over a charging lien whose very existence is contingent on a recovery in the Ongoing Action. Taken to its logical conclusion, every charging lien in a contingency fee matter could be litigated as to validity and amount (whether the litigation is commenced by the former attorney or the former client) before the requisite contingency ever occurs. We decline the invitation to adopt such a position, and hold that the trial court properly dismissed the action with prejudice.[3]

---

[3] In their reply brief, the Former Clients express concern that a dismissal with prejudice will bar them from later contesting the validity of the charging lien. First, we observe that the trial court dismissed the action with prejudice at the request of the Former Clients, who sought rendition of a final, appealable order. Second, and as discussed *supra*, the Former Clients rejected the proposed alternative of transferring and abating the Declaratory Action. Finally, and given the rationale for our decision, the Former Clients may contest the validity of the notice of charging lien and the charging lien itself (including, if appropriate, any amounts to which Thornton & Do Campo may be entitled) in the appropriate forum upon the occurrence of the contingency.

Affirmed.