DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD E. D'ANNA** and
**GOEDE, ADAMCZYK, DeBOEST & CROSS, PLLC,**
Appellants,

v.

**AMBER MANDY ACKERMAN,**
Appellee.

No. 4D17-2791

[July 11, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502016DR011159XXXXNB.

Ronald E. D'Anna of Goede, Adamczyk, DeBoest & Cross PLLC, Boca Raton, for appellant.

Ronald P. Ponzoli, Jr., Leslie Arsenault Metz, and John G. White, III, of Gray|Robinson, P.A., West Palm Beach, for appellee.

GERBER, C.J.

The wife's former attorneys appeal from the circuit court's order granting the wife's motion to strike the former attorneys' charging lien. The former attorneys raise several issues, but we need address only three: (1) whether the wife's motion was moot at the time of the hearing on the motion; (2) whether the motion required an evidentiary hearing; and (3) whether the proper forum for adjudicating the charging lien was with the family division before which the underlying action is pending. We conclude that the wife's motion was moot at the time of the hearing, that an evidentiary hearing may be required on remand, and that the proper forum is with the family division before which the underlying action is pending. We reverse and remand as directed below.

The wife's motion was directed to the former attorneys' original charging lien. However, by the time of the hearing on the wife's motion to strike the original charging lien, the former attorneys had filed an amended charging lien. That amendment rendered moot the wife's pending motion to strike

the former attorneys' original charging lien.  Thus, the circuit court's post-amendment order granting the wife's motion was error.  *Cf. Barlow v. Molloy*, 773 So. 2d 93, 94 (Fla. 5th DCA 2000) (where homeowner filed suit seeking discharge of contractor's original lien, and contractor timely filed an amended lien, trial court properly refused to discharge the amended lien because the homeowners' suit had yet to attack the amended lien); *Vanderberg v. Rios*, 798 So. 2d 806, 807 (Fla. 4th DCA 2001) (reversing the dismissal of an action, because the legal sufficiency of the original complaint was rendered moot by the filing of the amended complaint).

Having reversed the order on appeal, what remains pending is the former attorneys' amended charging lien.  Based on the parties' briefs, we presume that, on remand, the former attorneys will seek the circuit court's disposition of their amended charging lien, and the wife will seek to nullify the former attorneys' amended charging lien, in whole or in part.

In either event, based on the arguments raised in the parties' briefs, any hearings on any such proceedings shall be evidentiary in nature, unless the circuit court determines that the amended charging lien is insufficient as a matter of law.  *See Parrish & Yarnell, P.A. v. Spruce River Ventures, LLC,* 180 So. 3d 1198, 1200 (Fla. 2d DCA 2015) (court erred in addressing entitlement to a charging lien on its merits at a hearing on a motion to strike, where both parties agreed that evidence should be taken if the court determined that the lien was not insufficient as matter of law; "[B]ecause a motion to strike only tests the legal sufficiency of a claim, it is reversible error for a court to grant a motion to strike where the pleading presents a bona fide issue of fact that may be supported by evidence.").

Further, any such hearings shall be set in the family division from which this appeal arose.  *See, e.g., CK Regalia, LLC v. Thornton,* 159 So. 3d 358, 360 (Fla. 3d DCA 2015) ("[T]he case law has consistently held that the proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending . . . .").

We make no comment on whether the former attorneys' amended charging lien is meritorious, in whole or in part.  All other arguments which the parties raise in their briefs, having yet to be addressed by the circuit court, are not ripe for this court's appellate review.

*Reversed and remanded for further proceedings consistent with this opinion.*

GROSS and CIKLIN, JJ., concur.

*　　*　　*

*Not final until disposition of timely filed motion for rehearing.*