DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

ANNMARIE CIRILLO,

Appellant,

v.

MICHAEL CIRILLO,

Appellee.

No. 2D2023-2400
_____

March 5, 2025

Appeal from the Circuit Court for Pasco County; Alicia Polk, Judge.

Allison M. Perry of Florida Appeals, P.A., Tampa, for Appellant.

No appearance for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

Annmarie Cirillo (the Former Wife) appeals from an amended final judgment dissolving her marriage to Michael Cirillo (the Former Husband). We reverse that judgment to the extent it neither notes the Former Husband's child support arrearage nor reserves jurisdiction over the notice of charging lien filed by the Former Wife's counsel. We affirm the judgment in all other respects.

The Former Husband petitioned for dissolution of marriage after discovering that the Former Wife had left with their three minor children and gone to her parents' New Jersey home. The Former Wife later petitioned to permanently relocate with the children to New Jersey. After

a consolidated hearing, the trial court granted the petition for dissolution but denied the petition to relocate.[1]

At the hearing, the parties, through counsel, stipulated that the Former Husband was in child support arrears in an amount reflected in one of the Former Husband's filings (apparently referring to the Direct Payment Inquiry Letter the Former Husband had filed a month prior). A few days after the hearing but before the trial court entered final judgment, the Former Wife's counsel filed a notice of charging lien.

In the amended final judgment, the trial court included detailed findings, a parenting plan, its equitable distribution worksheet, and its child support worksheet. Nowhere, however, did the amended judgment include the Former Husband's stipulated arrearage; to the contrary, it stated, "Father is paying child[] support through a New Jersey Order and is current." Nor did the amended judgment address or reserve jurisdiction to address the notice of charging lien filed by the Former Wife's counsel. Both omissions warrant reversal.

"A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon

_____

[1] After the trial court stated at the hearing that it was denying the relocation petition, the Former Wife's counsel informed the court that the Former Wife would not remain in New Jersey without the children and that he believed she would instead move back to Florida to be near them. Thus, although the Former Wife also argues on appeal that the court failed in its parenting plan to account for her New Jersey residency and the children's Florida residency and should not have required that she alone bear the costs associated with any long-distance timesharing, it's clear the court did so based on counsel's representation. We conclude, therefore, that any asserted error in this regard was invited by the Former Wife. *See Cox v. State*, 819 So. 2d 705, 715 (Fla. 2002) ("Under Florida law, '[a] party may not invite error and then be heard to complain of that error on appeal.' " (alteration in original) (quoting *Pope v. State*, 441 So. 2d 1073, 1076 (Fla. 1983))).

2

the Court." *Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1, 4 (Fla. 1971). A party's arrearage on a support obligation and the amount of that arrearage have long been recognized as matters appropriate for stipulation. *See, e.g., Tucker v. Tucker*, 966 So. 2d 25, 27 (Fla. 2d DCA 2007) (affirming portion of dissolution of marriage judgment that relied on parties' stipulation that "the Former Husband owed $39,117.46 in child support and alimony arrearages"); *Lowe v. Lowe*, 948 So. 2d 836, 837 (Fla. 4th DCA 2007) (recognizing validity of parties' stipulation "that the former husband was $192,781 in arrears on his alimony payments"); *Goldblatt v. Goldblatt*, 277 So. 2d 34, 35–36 (Fla. 3d DCA 1973) (affirming judgment ordering husband to pay arrearage amount where both parties had "agreed upon the sum of $1,369 as the arrears on the support payments"). Accordingly, the amended final judgment must be corrected to include the Former Husband's stipulated arrearage amount.

It must also be corrected to include a reservation of jurisdiction over the charging lien of the Former Wife's counsel. An "attorney has merely to assert timely a claim of lien in the case to become entitled to a determination by the court . . . of the amount of attorney's fees due." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So. 2d 88, 93 (Fla. 3d DCA 1987) (footnote omitted) (citing *Kozich v. Kozich*, 501 So. 2d 1386 (Fla. 4th DCA 1987)); *see also CK Regalia, LLC v. Thornton*, 159 So. 3d 358, 360 (Fla. 3d DCA 2015) ("There are no requirements for perfecting a charging lien beyond the giving of timely notice to the client." (citing *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1385 (Fla. 1983))). For that claim to be timely, "notice of the charging lien must be filed or the lien pursued in the action before entry of a final judgment or dismissal of the case." *Naftzger v. Elam*, 41 So. 3d 944, 946 (Fla. 2d DCA 2010) (citing

collected cases).  The record establishes that the Former Wife's counsel timely filed notice of the lien.

"Moreover, the case law has consistently held that the proper forum for adjudicating the validity, enforceability and amount of a charging lien is with the trial judge before whom the underlying action is pending . . . ."  *CK Regalia, LLC*, 159 So. 3d at 360 (citing *In re Warner's Est.*, 35 So. 2d 296, 298–99 (Fla. 1948)); *see also Baker & Hostetler, LLP v. Swearingen*, 998 So. 2d 1158, 1161 (Fla. 5th DCA 2008) ("Generally, a summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida as opposed to a separate action.").  Here, however, the trial court stated only that it "retains jurisdiction over the Parties and the minor children," which was inadequate to reserve jurisdiction to address the charging lien.  *Cf., e.g., Lutz v. Rutherford*, 139 So. 3d 501, 502 (Fla. 2d DCA 2014) (concluding that reservation of jurisdiction to "award 'attorneys' fees that may be applicable' " was sufficient to reserve jurisdiction to rule on perfected charging lien); *Card v. Card*, 122 So. 3d 436, 437 (Fla. 2d DCA 2013) (concluding that reservation of jurisdiction to consider attorney's fees and costs was sufficient to reserve jurisdiction to rule on perfected charging lien "[n]otwithstanding a lack of express reservation of jurisdiction over the charging lien"); *Baker & Hostetler, LLP*, 998 So. 2d at 1163 ("As the court had fully retained jurisdiction over the issue of fees, it retained jurisdiction over the charging lien, as well.").  Accordingly, we reverse and remand for the trial court to enter a corrected judgment reserving jurisdiction to address the issue.  *See Gulledge v. Gulledge*, 82 So. 3d 1113, 1116 (Fla. 2d DCA 2012) ("Where the trial court fails to address a request for attorney's fees and costs or to reserve jurisdiction to consider the issue, the final judgment should be reversed and

4

remanded for entry of a corrected judgment reserving jurisdiction to address the request for attorney's fees and costs." (quoting *Flores v. Flores*, 82 So. 3d 838, 839 (Fla. 4th DCA 2011))).

We therefore reverse in part the amended final judgment and remand for the trial court to include the Former Husband's arrearage amount and to reserve jurisdiction over the charging lien filed by the Former Wife's counsel.[2]  In all other respects, we affirm.

Affirmed in part; reversed in part; remanded with directions.

LaROSE and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[2] We emphasize, however, that we take no position in this appeal on the validity, enforceability, or amount of the lien.